

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2004

# BHP New Zealand Ltd v. UCAR Intl Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3329

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"BHP New Zealand Ltd v. UCAR Intl Inc" (2004). *2004 Decisions.* Paper 407.

http://digitalcommons.law.villanova.edu/thirdcircuit_2004/407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 01-3329

———————

BHP NEW ZEALAND LTD.;
NEW BHP STEEL PTY LTD.;
BHP STEEL (JLA) PTY LTD.;
BROKEN HILL PROPRIETARY COMPANY, LTD.,

<u>Appellants</u>

v.

UCAR INTERNATIONAL, INC.;
UCAR CARBON COMPANY, INC.;
SGL CARBON A.G.;
TOKAI CARBON CO., LTD.;
TOKAI CARBON U.S.A. INC.;
THE CARBIDE/GRAPHITE GROUP, INC.;
NIPPON CARBON CO., LTD.;
SEC CORPORATION
(D.C. Civil No. 99-cv-04772)

(Amended in accordance with Clerk's Order dated 2/21/02)

———————

No. 01-3340

———————

IN RE: GRAPHITE ELECTRODES ANTITRUST LITIGATION
(MDL No. 1244)

FERROMIN INTERNATIONAL TRADE CORPORATION;
EKINCILER DIS TICARET A.S.; EKINCILER DEMIR
CELIK SANAYI A.S.; ASIL CELIK SANAYI VE
TICARET, A.S.; DILER DEMIR CELIK ENDUSTRISI VE
TICARET A.S.; YAZICI DEMIR CELIK SANAYI VE

TICARET A.S.; COLAKOGLU METALURJI A.S.; SIAM YAMATO STEEL COMPANY, LIMITED; SIAM CONSTRUCTION STEEL COMPANY, LIMITED; SIAM IRON AND STEEL COMPANY, LIMITED; SMORGON STEEL GROUP, LTD.; SHANGHAI PUDONG IRON & STEEL (GROUP) CO., LTD.; SHANGHAI NO. 5 STEEL (GROUP) CO., LTD.; FU SHUN STEEL PLANT IMPORT & EXPORT COMPANY; INTERNATIONAL ECONOMIC & TRADING CO. (WUGANG GROUP); CHINA METALLURGICAL IMPORT & EXPORT MAGANG CO.; LAI WU IRON & STEEL COMPANY; DAYE STEEL GROUP IMPORT & EXPORT CO.; ZHANGJIAGANG NOVEL STEEL CO. LTD.; JIANGSU SHAGANG GROUP CO., LTD.; ZHANGJIAGANG SHEEN FAITH STEEL CO., LTD.; GUANGZHOU IRON & STEEL CO., LTD.; GUANGZHOU IRON & STEEL HOLDING LTD. CORP.; IZMIR DEMIR CELIK SANAYI A.S.; ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI A.S.

v.

UCAR INTERNATIONAL, INC.; UCAR CARBON COMPANY, INC.; SGL CARBON A.G.; TOKAI CARBON CO., LTD.; TOKAI CARBON U.S.A., INC.; THE CARBIDE/GRAPHITE GROUP, INC.; NIPPON CARBON CO., LTD.; SEC CORPORATION
(D.C. Civil No. 99-cv-00693)

Ferromin International Trade Corporation, Ekinciler Dis Ticaret AS, Ekinciler Demir Celik Sanayi AS, Asil Celik Sanayi VE Ticaret, AS, Diler Demir Celik Endustrisi BE Ticaret AS, Yazici Demir Celik Sanayi VE Ticaret AS, Colakoglu Metalurji AS, Siam Yamato Steel Company, Limited, Siam Construction Steel Company, Limited, Siam Iron and Steel Company, Limited, Smorgon Steel Group, Ltd, Shanghai Pudong Iron & Steel (Group) Co., Ltd., Shanghai No. 5 Steel (Group) Co., Ltd., FU Shun Steel Plant Import & Export Company, International Economic & Trading Co. (Wugang Group), China Metallurgical Import & Export Magang Co., Lai Wu Iron & Steel Company, Daye Steel Group Import & Export Co., Zhangjiagang Novel Steel Co.

2

Ltd, Zhangjiagang Sheen Faith Steel Co., Ltd., Guangzhou Iron & Steel Co., Ltd., Guangzhou Iron & Steel Holding Ltd. Corp., Izmir Demir Celik Sanayi AS, and Icdas Celik Enerji Tersane VE Ulasim Sanayi AS,

                                                                Appellants

(Amended in accordance with Clerk's Order dated 2/21/02)

————

No. 01-3991

————

IN RE: GRAPHITE ELECTRODES ANTITRUST LITIGATION
(MDL No. 1244)

FERROMIN INTERNATIONAL TRADE CORPORATION; EKINCILER DIS TICARET A.S.; EKINCILER DEMIR CELIK SANAYI A.S.; ASIL CELIK SANAYI VE TICARET, A.S.; DILER DEMIR CELIK ENDUSTRISI VE TICARET A.S.; YAZICI DEMIR CELIK SANAYI VE TICARET A.S.; COLAKOGLU METALURJI A.S.; SIAM YAMATO STEEL COMPANY, LIMITED; SIAM CONSTRUCTION STEEL COMPANY, LIMITED; SIAM IRON AND STEEL COMPANY, LIMITED; SMORGON STEEL GROUP, LTD.; SHANGHAI PUDONG IRON & STEEL (GROUP) CO., LTD.; SHANGHAI NO. 5 STEEL (GROUP) CO., LTD.; FU SHUN STEEL PLANT IMPORT & EXPORT COMPANY; INTERNATIONAL ECONOMIC & TRADING CO. (WUGANG GROUP); CHINA METALLURGICAL IMPORT & EXPORT MAGANG CO.; LAI WU IRON & STEEL COMPANY; DAYE STEEL GROUP IMPORT & EXPORT CO.; ZHANGJIAGANG NOVEL STEEL CO. LTD.; JIANGSU SHAGANG GROUP CO., LTD.; ZHANGJIAGANG SHEEN FAITH STEEL CO., LTD.; GUANGZHOU IRON & STEEL CO., LTD.; GUANGZHOU IRON & STEEL HOLDING LTD. CORP.; IZMIR DEMIR CELIK SANAYI A.S.; ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI A.S.

3

v.

UCAR INTERNATIONAL, INC.; UCAR CARBON COMPANY, INC.;
SGL CARBON A.G.; TOKAI CARBON CO., LTD.; TOKAI CARBON
U.S.A., INC.; THE CARBIDE/GRAPHITE GROUP, INC.; NIPPON
CARBON CO., LTD.; SEC CORPORATION
(D.C. Civil No. 99-cv-00693)

Ucar International, Inc., Ucar Carbon Co., Inc., The
Carbide/Graphite Group, Inc., Nippon Carbon Co., Ltd., SEC
Corporation, SGL Carbon AG, Tokai Carbon Co., Ltd. and
Tokai Carbon U.S.A., Inc.,

Appellants

(Amended in accordance with Clerk's Order dated 2/21/02)

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Nos. 99-cv-04772 and 99-cv-00693)
District Judge:  Hon. Charles R. Weiner

_____

Argued March 11, 2003

Before:  SLOVITER, NYGAARD, and ALARCÓN[*], Circuit Judges

(Filed August 9, 2004)

_____

---

[*]Honorable  Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

James vanR. Springer    (Argued)
Kenneth L. Adams
R. Bruce Holcomb
James R. Martin
Dickstein Shapiro Morin & Oshinsky LLP
Washington, D.C. 20037-1526

    Attorneys for all Appellants

Kevin R. Sullivan    (Argued)
Grace M. Rodriguez
Peter M. Todaro
Jeffrey T. Tao
King & Spalding
Washington, D.C. 20006-4706

Francis Patrick Newell
Montgomery, McCracken, Walker & Rhoads, LLP
Philadelphia, PA 19109-1029

    Attorneys for Appellees/Cross-Appellants,
    UCAR International Inc. and UCAR Carbon Co., Inc.


Stuart J. Baskin
Jerome S. Fortinsky
Paul S. Hessler
Shearman & Sterling
New York, New York 10022

Daniel Segal
Hangley Aronchick Segal & Pudlin
Philadelphia, PA 19103

    Attorneys for Appellee/Cross-Appellant,
    SGL Carbon AG

5

Craig D. Bachman
Kenneth R. Davis II
Thomas W. Sondag
Lane Powell Spears Lubersky LLP
Portland, OR 97204-3158

Matthew A. White
Wolf Block Schorr & Solis-Cohen
Philadelphia, PA 19103

> Attorneys for Appellees/Cross-Appellants,
> Tokai Carbon Co., Ltd. and Tokai Carbon U.S.A., Inc.

Kenneth I. Schacter
Timothy A. Valliere
Bingham McCutchen LLP
New York, New York 10022

> Attorneys for Appellee/Cross-Appellant,
> Nippon Carbon Co., Ltd.

A. Paul Victor
Scott Martin
Christopher V. Roberts
Weil, Gotshal & Manges, LLP
New York, New York 10153-0119

Jerome R. Richter
William H. Roberts
Blank Rome
Philadelphia, PA 19103

> Attorneys for Appellee/Cross-Appellant,
> SEC Corporation

Stephen D. Brown
Joseph A. Tate
George G. Gordon

Carolyn H. Feeney
Dechert
Philadelphia, PA 19103

Attorneys for Appellee/Cross-Appellant,
Carbide Graphite Group

OPINION OF THE COURT

SLOVITER, Circuit Judge.

The appeals before us stem from two antitrust actions filed by two groups of
plaintiffs, which include foreign corporations engaged in the production of steel and a
U.S. corporation that acted on behalf of two such foreign steel producers. One action, led
by BHP New Zealand, was filed by a New Zealand company and three Australian
companies (collectively referred to as "BHP").[1] The other action, led by Ferromin
International Trade Corp., was filed by 26 foreign corporations with their principal places
of business in the United States, Thailand, Turkey, Australia, China, Austria, and
Sweden, and one U.S.-based affiliate that acted on behalf of two of the Turkish plaintiffs
in this group (collectively referred to as "Ferromin").[2] The actions were filed against a

---

[1] The BHP-led plaintiffs include: BHP New Zealand Steel Ltd.; NSW BHP Steel Pty
Ltd.; BHP Steel (JLA) Pty Ltd.; and Broken Hill Proprietary Company, Ltd. App. at 3.

[2] Plaintiffs in the Ferromin-led action were Ferromin International Trade
Corporation; Ekinciler dis Ticaret A.S.; Ekinciler Demir Celik Sanayi A.S.; Asil Celik
Sanayi VE Ticaret, AS; Diler Demir Celik Endustrisi VE Ticaret AS; Yazici Demir Celik
Sanayi VE Ticaret AS; Colakoglu Metalurji A.S.; Siam Yamato Steel Company, Ltd.;
Siam Construction Steel Company, Ltd.; Siam Iron and Steel Company, Ltd.; Smorgon
Steel Group, Ltd.; Shanghai Pudong Iron & Steel (Group) Company, Ltd.; Shanghai No.

7

group of American, Japanese, and German companies that manufacture and sell graphite electrodes in the domestic and foreign graphite electrode markets (collectively referred to as "UCAR").[3] The two actions were consolidated in the District Court.

To produce steel, plaintiffs use a high-temperature technique that requires the burning of large quantities of graphite electrodes. Plaintiffs allege that defendants conspired to artificially inflate graphite electrode prices by establishing a global cartel that fixed prices and allocated business among graphite electrode producers throughout

---

5 Steel (Group) Company, Ltd.; FU Shun Steel Plant Import & Export Company; International Economic & Trading Company (Wugang Group); China Metallurgical Import & Export Magang Company; Lai Wu Iron & Steel Company; Daye Steel Group Import & Export Company; Zhangjiagang Novel Steel Company, Ltd.; Zhangjiagang Sheen Faith Steel Company, Ltd.; Guangzhou Iron & Steel Company, Ltd.; Guangzhou Iron & Steel Holding Ltd. Corporation; Izmir Demir Celik Sanayi A.S.; Bohler Edelstahls GMBH; Uddeholm Tooling AB; and Icdas Celik Enerji Tersane VE Ulasim Sanayi A.S. App. at 1 (Ferromin, et al., Notice of Appeal).

Jiangsu Shagang Group Company, Ltd., was a plaintiff in the Ferromin action. Although we do not have any record of Jiangsu Shagang abandoning its claims against UCAR, it is not listed among the Appellants in the Notice of Appeal. App. at 1.

Bohler Edelstahl GMBH and Uddeholm Tooling AB, subsequent to the filing of the Notice of Appeal, have abandoned their claims against UCAR and were dismissed from the case on February 21, 2002.

[3] The Ferromin and BHP actions name the same defendants: UCAR International, Inc.; UCAR Global Enterprises, Inc.; UCAR Carbon Company, Inc.; SGL Carbon A.G.; Tokai Carbon Company, Ltd.; Tokai Carbon U.S.A., Inc.; The Carbide/Graphite Group, Inc.; Nippon Carbon Company, Ltd.; and SEC Corp.

Subsequent to the filing of the Notices of Appeal, on February 21, 2002, UCAR Global Enterprises, Inc. was removed as an appellee/cross-appellant from appeal 01-3329, 01-3340, and 01-3991.

the worldwide market.  App. at 58-59, 107-08.

Defendants filed motions to dismiss pursuant to Federal Rule Civil Procedure 12(b)(1), arguing that the plaintiffs' claims were beyond the subject matter of the Sherman Act.  The District Court, by order of June 13, 2001, granted in part and denied in part the defendants' motions to dismiss the complaints.  See Ferromin Int'l Trade Corp. v. UCAR Int'l, Inc., 153 F. Supp. 2d 700 (E.D. Pa. 2001).  UCAR cross-appeals the same order.  The District Court held that it had no subject matter jurisdiction over antitrust suits for overcharges on electrodes purchased outside the United States.  It also ruled that claims based on items purchased abroad but invoiced in the United States were within the jurisdiction of the federal courts.  Both sets of parties appeal, following certification by the District Court of certain of its rulings under 28 U.S.C § 1292(b) and its certification of the other rulings with the statements required under Federal Rule Civil Procedure 54(b).

The principal question before us on appeal is whether the Sherman Act's coverage with respect to activities involving foreign commerce, as defined by the general exclusionary rule and the specific exceptions contained in the Foreign Trade Antitrust Improvement Act ("FTAIA"), 15 U.S.C. § 6a, extends to the specific antitrust claims asserted by plaintiffs.  While this case was pending our decision, the Supreme Court issued its opinion in F. Hoffman-LaRoche Ltd. v. Empagran S.A., 124 S.Ct. 2359 (2004), in which it held that where the alleged anticompetitive conduct causes an adverse foreign effect that is independent of the domestic effects of the conduct, "the FTAIA [domestic-

9

injury] exception does not apply (and thus the Sherman Act does not apply) . . . ." Id. at 2366. The Court reasoned that "two sets of considerations, the one derived from comity and the other reflecting history, convince us that Congress would not have intended the FTAIA's exception to bring independently caused foreign injury within the Sherman Act's reach." Id. at 2371. The Court, however, stated no position regarding situations in which the foreign injury was not independent of the alleged anticompetitive conduct's domestic effects because the Court of Appeals had not addressed that issue. Id. at 2372.

We requested that the parties provide us with letter memoranda addressing the effect of the Supreme Court's opinion in Empagran on the appeal before us. Both parties agree that, to the extent that plaintiff steel producers claim foreign injuries that are independent of the domestic effects of the alleged anticompetitive conduct, Empagran controls our ruling on such claims. Letter from plaintiff-appellants' counsel to the court of June 30, 2004, at 1-2; Letter from defendant-appellees' counsel to the court of July 1, 2004, at 1. Plaintiffs, however, assert that the basic questions on appeal, in light of Empagran, are:

> Have plaintiffs made a preliminary showing, sufficient to proceed with this litigation, that the prices they paid for graphite electrodes were linked to, and not "independent" from, the raising of prices in the United States by defendants' alleged global price-fixing cartel?

> If not, should plaintiffs have an opportunity to make such a showing on remand?

Letter from plaintiffs-appellant's counsel, at 1. Defendants, on the other hand, maintain

10

that the District Court erred in allowing the claims of certain plaintiffs based on foreign purchases of graphite electrodes that were invoiced in the United States to proceed. Letter from defendants-appellees' counsel, at 4.

Because the District Court, and the parties, did not have the benefit of Empagran, we will remand the case to the District Court for its reconsideration. The District Court, should it deem it necessary or helpful, may give the parties the opportunity to present evidence as to whether the alleged anticompetitive conduct's domestic effects were linked to the alleged foreign harm. The District Court may consider and take evidence, if necessary, on any other related issue. For the reasons set forth above, we will vacate the decision of the District Court and remand for further proceedings consistent with this opinion.